UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

BANANA RIVER, LP
a/k/a Banana River of Delaware, Ltd.
d/b/a Funtasia Miniature Golf,

    Debtor.
_____/

Case No. 6:10-bk-03439-ABB
**Expedited Hearing Requested
on March 24, 2010
Time requested: 15 Minutes**
Chapter 11

DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL

The Debtor requests authority to use cash collateral as follows:

1. Procedural Background.

    a. On March 4, 2010 the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code.

    b. The Debtor continues to operate its business as debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

    c. No trustee or examiner has been appointed or requested in the Debtor's bankruptcy case.

    d. The Debtor files this motion pursuant to 11 U. S. C. §363 and F. R. B. P. 4001(d)(1).

    e. The Court has jurisdiction over the motion pursuant to 28 U. S. C. §1334(b). This is a core proceeding under 28 U. S. C. §157(b).

2. Description of Business.

The Debtor is a Limited Partnership organized under the laws of the State of Delaware. As such, the Debtor is a registered organization under the laws of the State of Delaware.

The Debtor owns ten(10) parcels of real property (the "Property") located in Brevard County. The Debtor operates Funtasia Miniature Golf on the Properties. Funtasia consists of 2 - 18 hole miniature golf courses. The Properties also consist of several residential units that are leased by the Debtor to third parties, including (1) single family residence, (1) duplex and (1) triplex (collectively, the "Leased Property"). There is commercial space consisting of approximately 6,500 square feet of restaurant space, which may be demolished for future development or leased. Finally, there are (2) single family residences that are not currently habitable..

3. Security Interest.

Mercantile Bank has a lien against the Property. Mercantile may claim a lien against personal property owned by the Debtor, including cash collateral, because Mercantile filed a UCC-1 financing statement with the Florida Secretary of State. However, Mercantile did not file a UCC-1 with the Delaware Secretary of State. Accordingly, the Debtor contends that Mercantile did not properly perfect its lien and therefore holds no lien against the Debtor's personal property, including cash collateral.

The Debtor is not aware of any other parties who may claim a security interest in the Debtor's personal property.

Nevertheless, in an abundance of caution, the Debtor seeks authority to use what would otherwise be cash collateral in the ordinary course of its business for the reasons set forth in this motion.

5. Request for Use of Cash Collateral.

The Debtor requires the use of the cash collateral to continue and maintain the operation of its business. The Debtor believes that the business can be operated on a profitable basis

and, in the ordinary course of the operations, more cash collateral will be generated. Use of the cash collateral provides the Debtor with a reasonable opportunity for reorganization under Chapter 11. Attached as exhibit "A" is a proposed budget, which lists the individual ordinary course of business expenses that the Debtor intends to pay on a monthly basis.

/s/ Kenneth D. (Chip) Herron, Jr.
Kenneth D. (Chip) Herron, Jr.
Florida Bar No. 699403
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Dr.
Orlando, FL  32804
Telephone (407) 648-0058
Facsimile (407) 648-0681
Email: kherron@whmh.com

Attorneys for the Debtor

Certificate of Service

I certify that a copy of the foregoing, with attachment, was furnished on March 22, 2010 to the following by United States first class mail, postage prepaid, or by electronic mail:

Mercantile Bank, c/o Denise D. Dell-Powell, Esquire, Burr & Forman, LLP, 450 S. Orange Avenue, Suite 200, Orlando, L 32801

Local Rule 1007 Parties in Interest List

United States Trustee, 135 West Central Blvd., Suite 620, Orlando, FL 32810

/s/ Kenneth D. (Chip) Herron, Jr.
Attorney