In re:

BANANA RIVER, LP                                  Case No. 6:10-bk-03439-ABB
a/k/a Banana River of Delaware, Ltd.              Chapter 11
d/b/a Funtasia Miniature Golf,

      Debtor.

_____/

## CITY OF CAPE CANAVERAL'S MOTION FOR RELIEF
## FROM THE AUTOMATIC STAY

The City of Cape Canaveral, Florida ("City"), through its undersigned counsel, and pursuant to 11 U.S.C §362(d), 11 U.S.C. §157(b)(2)(G), 28 U.S.C. §1334 and Bankruptcy Rules 4001 and 9014, moves for relief from the automatic stay.  In support of its Motion, the City states:

1.      On or about March 4, 2010, Debtor filed for relief under Chapter 11 of the U.S. Bankruptcy Code.

2.      Debtor's bankruptcy estate includes the following real property located in Brevard County, Florida:

      Parcel Id:    24-37-26-00-00253.1-0000.00

      Site Address:  6395 N. Atlantic Avenue
                    Cape Canaveral, FL 32920

3.      A building exists on the above referenced parcel which has been unoccupied for approximately five (5) years.  The building, a former restaurant, was inspected by the City's Building Department on or about November 2, 2009.  A copy of the building official's complete report and findings are attached hereto and incorporated herein by reference as Composite Exhibit "A."  The findings revealed the roof to be "structurally unsound," with portions of the roof being in "danger

of collapsing." Additionally, demolition of the building's interior left the electrical, plumbing, mechanical and framing systems exposed and vulnerable to the weather.

4. In conjunction with the City's inspection, the City's Code Enforcement Board issued a notice of violation and a notice of hearing on November 2, 2009 demanding that the violations be cured within fifteen (15) days. Most importantly, due to the extreme deterioration of the building, the City declared the building to be unsafe pursuant to the City's Code of Ordinances ("City's Code") Section 82-56. The City instructed Debtor on November 3, 2009 that it had sixty (60) days from the date of the notice to either commence the necessary repair work, or to demolish the building. Copies of said unsafe building notices are attached hereto as Composite Exhibit "B."

5. On November 25, 2009, after the duly noticed Code Enforcement Board hearing, the City issued its Order Imposing Penalties due to Debtor's violation of the City's Code, along with Debtor's failure to cure the existing violations. This Order extended Debtor's deadline to cure all violations to January 2, 2010. The Order further placed Debtor on notice of those fines which would be imposed in the event of its noncompliance. A copy of said November 25, 2009 Order Imposing Penalty on First Violation is attached hereto as Exhibit "C."

6. The City's Code Enforcement Board duly noticed a compliance hearing on January 11, 2010, advising Debtor that a hearing would be held on January 21, 2010 to address Debtor's failure to correct the existing violations within the time period set by the November 25, 2009 Order. At the January 21, 2010 hearing, the Code Enforcement Board determined that the violations "constitute violations presenting a serious threat to the public health, safety and welfare," necessitating demolition of the building. Should the City Council not authorize demolition, a daily fine would be imposed. Additionally, a copy of the January 21, 2010 Order, attached hereto and

2

incorporated herein by reference as Exhibit "D," was to be recorded in the public records to serve as a lien on Debtor's property.

7.     Throughout this process, Debtor failed to attend both the November 19, 2009 and the January 21, 2010 hearings.  Additionally, Debtor failed to appeal any of the rulings rendered by the Code Enforcement Board, despite being advised that the proceedings were legal in nature, that Debtor had the option to appear with legal counsel, and that the proceedings had the potential to impact ownership interests in the real and personal property at issue.   Despite repeated representations from Debtor that the structure would either be repaired or demolished, no action was taken.  Rather, Debtor sought refuge with this Court.

8.     Because the building continues to deteriorate, with no immediate resolution expected, the City Council unanimously voted to pursue demolition of the structure on July 6, 2010.  Even the Debtor acknowledged in its March 8, 2010 Case Management Summary [Doc. 11] to this Court that the Debtor's property consists, in part, "of approximately 6,500 square feet of restaurant space, which may be demolished for future development or leased."  Based upon the current condition of the building, it is cost prohibitive to repair the subject building to sufficiently render it in compliance with the City's Code.

9.     Pursuant to the existing January 21, 2010 Code Enforcement Board Order, the City intended to seek demolition of the building.  The City Council has now ordered the building be demolished.  The City contends that the building constitutes such a public hazard, particularly with the arrival of hurricane season, that it is prepared to advance all demolition expenses, and understands that it may never recoup any of these funds.  However, the City is prevented by the Automatic Stay from moving forward without relief from this Court.

10.     The parcel at issue is subject to the secured claims of Mercantile Bank. Mercantile Bank does not object to the relief sought by the City's Motion. In fact, prior to Debtor's bankruptcy filing, Mercantile Bank moved to foreclose its mortgage in the action styled *Mercantile Bank v. Banana River, LP*, Case No. 05-2009-CA-045202 in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. During that litigation, Mercantile Bank secured estimates for demolition of the structure, but was prevented from moving forward due to Debtor's Chapter 11 filing.

WHEREFORE, The City of Cape Canaveral, Florida respectfully requests that this Honorable Court terminate the automatic stay to allow demolition of the building located at 6395 N. Atlantic Avenue, Cape Canaveral, FL 32920, as well as any and all further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system and/or via First Class U.S. Mail on the 30th day of July, 2010, to: Kenneth D. Herron, Jr., 1851 W. Colonial Drive, Orlando, FL 32804; United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801; and all parties on the attached Master Matrix.

VIVIAN P. COCOTAS, ESQUIRE
Florida Bar No. 841846
Brown, Garganese, Weiss & D'Agresta, P.A.
111 N. Orange Ave., Suite 2000
Orlando, FL 32801
Telephone: (407) 425-9566
Facsimile: (407) 425-9596
Attorneys for the City of Cape Canaveral

Label Matrix for local noticing
113A-6
Case 6:10-bk-03439-ABB
Middle District of Florida
Orlando
Thu Jul 29 13:03:48 EDT 2010

Banana River, LP
Post Office Box 544
Cape Canaveral, FL 32920-0544

Mercantile Bank
Burr & Forman LLP
c/o Denise D. Dell-Powell, Esquire
450 South Orange Avenue
Suite 200
Orlando, fl 32801-3385

United States Trustee - ORL 11
135 W. Central Blvd., Suite 620
Orlando, FL 32801-2440

United States Bankruptcy Court
135 West Central Boulevard Suite 950
Orlando, FL 32801-2443

AT&T
PO Box 105262
Atlanta, GA 30348-5262

Brevard County Tax Collector
Attn: Rod Northcutt, C F C
Post Office Box 2500
Titusville FL 32781-2500

Brevard County Tax Collector
Attn: Lisa Cullen, CPC
Post Office Box 2500
Titusville, FL 32781-2500

Cindy White
6419 N. Atlantic Ave
Unit W
Cape Canaveral, FL 32920-3914

City of Cocoa Utilities
65 Stone Street
Cocoa, FL 32922

Denise Chiaravallo
203 Holman Avenue
Unit 103
Cape Canaveral, FL 32920-6092

Florida Department of Revenu
5050 W Tennessee St
Tallahassee, FL 32399-0125

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Florida Power and Light
PO Box 25576
Miami, FL 33102-5576

Helen Ward
200 International Dr.
Apt. 206
Cape Canaveral, FL 32920-3663

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

JBJ Porter Living
200 International Dr.
Apt. 206
Cape Canaveral, FL 32920-3663

Jean Jones Porter Trust
200 International Dr.
Apt. 206
Cape Canaveral, FL 32920-3663

Jean Porter
200 International Dr.
Apt. 206
Cape Canaveral, FL 32920-3663

Jean Porter Estate
200 International Dr.
Apt. 206
Cape Canaveral, FL 32920-3663

Jean Porter Trust
200 International Dr.
Apt. 206
Cape Canaveral, FL 32920-3663

John K. Porter
215 Holman Rd.
Cape Canaveral, FL 32920-3918

Larry Schantz Esq
2525 Ponce De Leon Blvd
Suite 400
Miami, FL 33134-6044

Laurie Porter Combs
15460 Burt Street
Omaha NE 68154-3749

Lisa Cullen, CFC
Brevard County Tax Collector
P.O. Box 2500
Titusville, FL 32781-2500

Mercantile Bank
c/o Burr & Forman, LLP
Denise D. Dell-Powell, Esquire
450 South Orange Avenue, Suite 200
Orlando, Florida 32801-3385

Mercantile Bank
c/o Jesse E Graham Jr Esq
Burr & Forman, LLP
369 N New York Ave FL 3
Winter Park, FL 32789-3124

NAAP, LLC
PO Box 544
Cape Canaveral, FL 32920-0544

Robert C. Porter
6 Still River Depot Rd.
Still River, MA 01467

Sherry Nimits
203 Holman Avenue
Unit 102
Cape Canaveral, FL 32920-6092

Stephen J. Porter                Kenneth D Herron Jr              Leonard C Green
51 Stephany Road                 1851 West Colonial Drive         The Green Group
Fairview, PA 16415-1456          Orlando, FL 32804-7013           900 Rte 9, 6th Flr
                                                                  Woodbridge, NJ 07095-1025


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Internal Revenue Service
Post Office Box 21126
Philadelphia PA 19114


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Kenneth D Herron Jr           End of Label Matrix
1851 West Colonial Drive         Mailable recipients        32
Orlando, FL 32804-7013           Bypassed recipients         1
                                 Total                      33



BUILDING DEPARTMENT

# Memo

**Date:** 11/2/09

**To:** Todd Morley, Building Official

**From:** Dennis Clements

**RE:** 6395 N. Atlantic Ave.

**CC.:**

An inspection was conducted at 6395 N. Atlantic Ave. regarding the Azteca restaurant building on 10/30/09. The purpose of the visit was to observe and record any unsafe conditions such that the life, health, property and safety of its occupants or the general public are endangered. The observations to the building were limited to the exterior only; entry inside the building was not possible as all the exterior doors were padlocked.

The following conditions were observed:

1. The building has been unoccupied for approximately 5 years and its current condition is in a general state of disrepair. The existing roof covering over the sloped areas of the front and a portion of the north and south side, and the flat portion of the roof on the south side were removed in March 2009. The cdx plywood roof sheathing has been exposed to the weather the entire time to today's date. The exterior site landscape is being maintained to a moderate level. The electrical service has been disconnected at the transformer on the FPL pole.

2. The roof rafters, located in section A of attached drawing, are structurally unsound. Several rafters are broken, visibly rotten, and have termite damage at the bearing point of the exterior wall. Several rafter tails are broken and /or missing altogether.

3. Roof sheathing (cdx plywood) located in sections A & B, are buckled and visibly delaminated. Approximately 80 square feet of roof sheathing have failed completely and are missing, therefore exposing the interior of the building to the weather. The roof sheathing does not appear to be safe to walk on. All sheathing is exposed to the weather and rain is entering the building. The roof sheathing on the flat portion of the roof located in section C along the south side of the building appears to not be covered and is exposed to the weather as well and may be structurally unsound. Building soffits are exposed along the

1



EXHIBIT

A

perimeter for the majority of the building allowing vermin and the weather to enter the building.

4. The roof gable and dropped soffit framing along the front east face of the building located as Section D is structurally unsound. The framing is visibly rotten and disconnected in many areas. The framing is unprotected allowing rain and vermin to enter the building. Electrical conductors are exposed and fixtures are unsupported.

5. The storefront glass panels, located in Section E have had the molding removed along the top edges. Consequently, the panels are not fastened along the top edge, are loose, and are in danger of failing. Also, one panel has a vertical crack along the full length and is in danger of falling out.

6. The electrical service to the building located as section F, has been disconnected at the transformer at the FPL electrical pole. However, the neutral service conductor is still attached to the electrical mast on the building which is supported by two guy wires and the roof sheathing. The roof sheathing is exposed to the weather and the guy wire could fall allowing the mast to fall due to the weight of the neutral service conductor.

7. Existing AC supply duct openings on the roof located as section G are open to the weather and vermin.

8. The fascia along the south side of the building located as section H is missing. Consequently, the roof rafters are exposed to the weather and are deteriorating at the bearing point of the exterior wall. A 2-3" gap extends along this area opening up the building to the weather and to vermin.

9. The roof gable and soffit framing along the rear west face of the building located as section I is in danger of collapsing. The framing is currently being supported by a temporarily unbraced 4x4 post. This entire area is open and exposed to the weather and vermin.

10. As stated above, the doors to the building are padlocked and entry to the inside is not possible. A visual observation through the storefront glass indicates the interior has undergone extensive demolition. Interior walls and ceilings have been removed, exposing building electrical, plumbing, mechanical, and framing systems. Rain has been entering the building through the roof sheathing and holes in the sheathing. Standing water can be seen on the interior floor surfaces.





CAUTION CAUTION CAUTION

11/03/2009





# City of Cape Canaveral
## Community Development Department

THE CITY OF CAPE CANAVERAL
A Florida Municipal Corporation,

Case No. 2009-00148

Complainant,

v.

NOTICE OF HEARING

Owner(s) of the property located at:
6395 ATLANTIC AV N

Respondent(s):
Banana River LP, dba Banana River of Delaware, LTD
North Atlantic Properties, LLC
Helen M Ward R.A.

A HEARING will be conducted before the City of Cape Canaveral Code Enforcement Board on November 19, 2009 at 7:00 p.m. or as soon thereafter as possible. The hearing will be held at the City of Cape Canaveral City Hall Annex, 111 Polk Avenue, Cape Canaveral, FL 32920.

The Code Enforcement Board will receive testimony and evidence at said hearing regarding the violation(s) occurring upon the property of the Respondent(s) as set forth in the Notice(s) of Violation attached as EXHIBIT "A" and shall make a determination as to whether such violation(s) is/are corrected pursuant to Section 162.07, Florida Statutes, and Chapter 2, Article VI, of the City of Cape Canaveral Code of Ordinances.

You are entitled to testify and present evidence and witnesses in defense at the hearing. Since the proceedings of the Code Enforcement Board are legal in nature, you may wish to have legal counsel attend the above referenced hearing.

The Code Enforcement Board may enter an Order requiring the owner of the Property to correct any violation(s). This penalty, if not paid, will become a lien on the Property and any other personal or real property owned by the Respondent(s) which can be satisfied by foreclosure and sale of said Property and/or other personal or real property.

AN AGGRIEVED PARTY, INCLUDING THE CITY OF CAPE CANAVERAL, MAY APPEAL A FINAL ADMINISTRATIVE ORDER OF THE CODE ENFORCEMENT BOARD TO THE CIRCUIT COURT AS PROVIDED BY THE GENERAL LAW OF THE STATE OF EXECUTION OF THE ORDER TO BE APPEALED. FURTHER, IF AN APPEAL IS FILED, THE AGGRIEVED PARTY MAY NEED TO ENSURE THAT A VERBATIM RECORD OF THE BOARD'S HEARING IS MADE, WHICH INCLUDES THE TESTIMONY AND EVIDENCE UPON WHICH THE APPEAL IS TO BE BASED.

DATED this 2nd day of November 2009

Duree Alexander
Code Enforcement Officer

**EXHIBIT B**



# City of Cape Canaveral
## Community Development Department

CODE ENFORCEMENT BOARD
CITY OF CAPE CANAVERAL, FLORIDA
REVISED NOTICE OF VIOLATION

THE CITY OF CAPE CANAVERAL
A Florida Municipal Corporation,
Complainant,
v.
Owner(s) of the property located at:
6395 ATLANTIC AV N

Case No. 2009-00148
09/30/09

Respondent(s):
Banana River LP, dba Banana River of Delaware, LTD.
North Atlantic Avenue Properties, LLC
C/O Helen M Ward R.A.

PURSUANT to Section 162.06, Florida Statutes, and Chapter 2 Article VI, of the City of Cape Canaveral Code of Ordinances, the undersigned Code Enforcement Officer hereby gives notice of violation(s) of the City of Cape Canaveral Code Ordinances, as more specifically described below. Respondent(s) is/are hereby notified that corrective action(s) to cure the violation(s) described below is/are to be voluntarily performed within fifteen (15) days.

In the event that the violation(s) is/are not corrected within the time period set forth above or the violation(s) recur(s) even if the violation(s) is/are corrected at the time of hearing Respondent(s) may be required to attend a hearing before the Code Enforcement Board for the City of Cape Canaveral, and a penalty as provided below may be imposed.

The Code Enforcement Board may enter an order requiring the Respondent(s) to correct the violation(s) and penalties may be assessed up to $250 per day for each first violation or up to $500 per day for each repeat violation described in this notice until the violation(s) has/have been corrected. IF THE VIOLATION(S) IS/ARE CORRECTED WITHIN THE TIME PERIOD REQUIRED, THE RESPONDENT(S) MUST IMMEDIATELY NOTIFY THE CODE ENFORCEMENT OFFICER AND REQUEST AN INSPECTION.

1.  Property where violation(s) exist(s):
    6395 ATLANTIC AV N

2.  Name and address of owner(s) of property where violation(s) exist:
    Banana River LP dba Banana River of Delaware, LTD
    Helen M. Ward, R. A.
    Helen M Ward R.A.
    200 International Dr. # 206,
    Cape Canaveral, Fl. 32920

There have been several complaints regarding the condition of your property. A permit has been submitted, but not processed due to additional information; therefore this notice is being issued.

Continued good appearance depends on the extent and quality of maintenance. Maintenance and upkeep are required for all the land improvements within the city.

3.  Description of Violation(s) at property: Sec.34-98 Building appearance and maintenance

Sec. 34-98.  Building appearance and maintenance.

The following criteria, unless specifically limited, shall apply to all improvements within the city:

(4)  Buildings and appurtenances, including signs, should be cleaned, painted, repaired and free of mildew as required to present a neat appearance. Deteriorated, worn or damaged portions should be rebuilt or replaced. All surfaces shall be maintained free of broken glass, loose shingles, crumbling stone or brick, excessive peeling paint or other conditions reflective of deterioration or inadequate maintenance to the end that the property itself may be preserved safe from fire hazards.

(6)  All roofs shall have a suitable covering free of holes, cracks, excessive wear, missing shingles or tiles.

Sec. 34-97.  Duties and responsibilities for maintenance.

(a)  The owner of every single-family or multiple-family dwelling, commercial or industrial property, his appointed agent and the occupant, operator, tenant or anyone otherwise using the property in any form or manner shall maintain the premises free of hazards which include but are not limited to:

(1)  Brush, weeds, broken glass, stumps, roots, obnoxious growths, accumulations of filth, garbage, trash, refuse, debris and inoperative machinery.

4.  Recommendation to correct the violation(s) described above:

The property is in need of maintenance. Please obtain a permit to repair/replace the roof and the rear portion of the building, which is being temporally shored to support the over hang section of the roof. Repair the soffit and facia.  Please repair the parking lot and stripe as needed.

Failure to comply within fifteen (15) days from receipt of this Notice shall result in further action, as outlined in the previous page(s) of this Notice of Violation.

If you have any questions regarding this Notice of Ordinance/Code Violation or the recommendations contained herein, do not hesitate to contact the below signed Code Enforcement Officer at the City of Cape Canaveral. (321-868-1222)

Duree Alexander
Code Enforcement Officer



# City of Cape Canaveral

## Community Development Department

November 3, 2009

To:     Owner of property located at
        6395 N. Atlantic Ave.
        Cape Canaveral, FL 32920:

The City of Cape Canaveral Community Development Department, Building Division, has posted the above-referenced property unsafe in accordance with the Standard Unsafe Building Abatement Code, 1985, as adopted in the City of Cape Canaveral Code of Ordinances Section 82-56 (see below).

**Sec. 82-56. Standard Unsafe Building Abatement Code adopted.**
The Standard Unsafe Building Abatement Code, 1985 edition, as published by the Southern Building Code Congress International, Inc., is hereby adopted by reference and incorporated herein as if fully set. The Standard Unsafe Building Abatement Code is hereby amended to read as follows:
(a) *Section 105.1.* The construction board of adjustment and appeals shall serve as the board of adjustment and appeals for this code.
(b) *Section 605. Cost of repair or demolition; lien on property; collection.*
1.  Upon repair or demolition of any building or structure, either with city crews or by independent contractor, all costs of demolition and/or repair shall be assessed against and constitute a lien on the property upon which the building or structure is/was situated. The lien shall be equal in rank, priority and dignity with the lien of Brevard County ad valorem taxes and shall be superior to all other liens, encumbrances, titles and claims in, to or against the property. Cost shall include, but not limited to, administrative cost, attorney's fees, postage, newspaper publication fees and actual costs of physical removal and/or repair.
2.  The city clerk shall file such lien in the public records of Brevard County Florida, showing the nature of the lien, the amount thereof, a legal description of the property and the owner thereof. Such liens shall bear interest from the date of filing at the highest rate allowed by law.
3.  The lien may be enforced in the same manner as a court judgment by the sheriffs of the State of Florida, including levy against personal property, and may also be foreclosed in the nature of a mortgage. All costs and attorney's fees incurred in collection of amounts due under any such lien shall also be secured by the property and included within the total sum due under the lien.

A copy of the posting is enclosed.
I would like to express that we are committed to clear communication throughout this process and I encourage you to contact me if you have any questions.

Sincerely,

Todd Morley, Building Official

encl.

# UNSAFE BUILDING
# DO NOT OCCUPY

## THIS BUILDING IS UNSAFE AND ITS USE OR OCCUPANCY HAS BEEN PROHIBITED BY THE BUILDING OFFICIAL

It shall be punishable by law to occupy this building or remove or deface this notice Per City Ordinance 82-56 and Standard Unsafe Building Abatement Code

Notice per Standard Unsafe Building Abatement Code, 1985 ed. Section 302.1:

**The Building Official has declared this structure to be unsafe and has issued this notice and directed it to the owner of record. A detailed report documenting the conditions determined to have rendered the building unsafe under the provisions of the Standard Unsafe Building Abatement Code is available at the Community Development Dept. at 7510 N. Atlantic Ave.**

Address: 6395 N. Atlantic Ave. Cape Canaveral, Fl 32920

Parcel ID and Description: 24-37-26-00-00253.1-0000.00/ E 300 FT OF S 150 FT OF N 310 FT W OF ST RD

Owner: Banana River of Delaware, LTD 200 International Dr. #206 Cape Canaveral, FL 32920

North Atlantic Properties, LLC 200 International Dr. #206 Cape Canaveral, FL 32920

PO Box 544 Cape Canaveral, FL 32920 cross reference to:

Banana River, LP 6419 N. Atlantic Ave. Cape Canaveral, FL 32920

Advisory Statement per 302.1.1(3): If the following required action is not commenced within or completed within 60 days of this notice the Building Official may cause the work to be done and all costs incurred charged against the property or the owner of record. The cost of repair or demolition shall constitute a lien on the property and shall be collected in a manner provided by law. Whether being repaired or demolished, all necessary permits are to be secured within 60 days. All work is to be commenced within 60 days. All work is to be completed within the initial six-month period allowed by the permit. Repair or demolition shall be in compliance with the Florida Building Code, 2007 edition.

Required Action: Repair or demolish the building.

Any person having any legal interest in the property may appeal this notice to the Construction Board of Adjustment and Appeals. Such appeal shall be in writing in the form specified in Sec. 401 of the Standard Unsafe Building Abatement Code and shall be filed with the Building Official within 30 days from the date of this notice. Failure to appeal in the time specified constitutes a waiver of all rights to an administrative hearing.

Building Official                                    11/3/09
Date

Todd Morley

# City of Cape Canaveral



# City of Cape Canaveral
## Community Development Department

November 18, 2009

VIA Fax 407-622-8485 &
Certified 70081140000163224621

Mercantile Bank
Russel Mouton, II, Senior Vice President
1560 N. Orange Avenue, Suite 300
Winter Park, Fl 32789

RE: 6395 N. Atlantic Avenue, 290 Cape Shores Circle

Dear Mr. Mouton:

As we discussed on 11/3/09, staff posted the buildings with Unsafe Building Notice(s), and will be presenting the cases to the Code Enforcement Board on 11/19/09. I have provided you a copy of the agenda for that meeting and copies of the Notice of Violation and Order to Appear for the 290 Cape Shores Circle property, and a copy of the unsafe postings for both structures.

The Standard Unsafe Building Abatement Code 1985 ed., Section 302.1(4), requires that that any person having any legal interest in the property be notified that they may appeal the Unsafe Notice, by the Building Official, to the Board of Adjustment and Appeals. You must appeal the posting in writing in the form specified in 401 (copy attached), and shall be filed with the Building Official within (30) thirty days from the date of posting. Failure to appeal the notice will constitute a waiver of all rights to an administrative hearing.

Please feel free to attend the hearing, it is open to the public, and will be conducted in the City Council Chambers at 7:00 pm on November 19, 2009. If you are unable to attend I will forward a copy of any Board Orders associated with these properties.

Please do not hesitate to contact me if you have any questions.

Sincerely

Duree Alexander
Code Enforcement Officer

Attachments



# City of Cape Canaveral
## Community Development Department

### CODE ENFORCEMENT BOARD
### CITY OF CAPE CANAVERAL, FLORIDA

THE CITY OF CAPE CANAVERAL,                                    Case #09-00148
A Florida municipal corporation,

      Complainant,

      v.

Banana River LP dba Banana River of Delaware, LTD;
c/o Helen M. Ward, R.A.
Owner of the Property located at:
6395 N. Atlantic Ave.
Cape Canaveral, FL 32920

LEGAL: E 300 FT OF S 150 FT OF N 310 FT W OF ST RD

      Respondent,

_____/

### ORDER IMPOSING PENALTY ON FIRST VIOLATION

      THIS CAUSE having come on for consideration, after being duly noticed, before the Code Enforcement Board of the City of Cape Canaveral, Florida, on November 19, 2009 to determine whether any violations of the City of Cape Canaveral Code of Ordinances exist or existed on the property. The Board, having heard the arguments of the parties and the evidence presented and having reviewed the record and being otherwise fully advised, makes the following Findings of Fact and Conclusions of Law incorporated into this Order as set forth herein.

### <u>Findings of Fact and Conclusions of Law</u>

      Based upon the evidence and testimony presented at this hearing, the Code Enforcement Board finds:

      1.     That Respondent was provided a Notice of Violation in accordance with Section 2-258 of the City of Cape Canaveral Code of Ordinances ("City Code") and consistent with sections 162.06 and 162.12, Florida Statutes;

      2.     That a violation of Section 34-97, Duties and Responsibilities for Maintenance; and Section 34-98, Building Appearance and Maintenance, of the City Code exist or existed upon the Property and Respondent was further provided a reasonable time to correct said violation;

      3.     That Respondents either failed or refused to correct such violation within the reasonable time period provided in the Notice of Violation; that the Respondent was provided notice of hearing before the Code Enforcement Board and was not present at the hearing;

**EXHIBIT**

*C*

4.     That based on the testimony and evidence presented, Respondent has violated the City Code, to wit: Section 34-97, Duties and Responsibilities for Maintenance; and Section 34-98, Building Appearance and Maintenance, of the City Code;

5.     That said violation existed within the City of Cape Canaveral and that such constitutes violation of the City of Cape Canaveral Code of Ordinances.

**BASED UPON THE FOREGOING FACTS AND CONCLUSIONS, IT IS HEREBY ORDERED:**

1.     Respondent be given until January 2, 2010 to abate the violations on the Property by repair and rehabilitation in accordance with the applicable provisions of the Standard Unsafe Building Abatement Code, the Florida Building Code and the Cape Canaveral City Code; and

2.     If Respondent fails to correct the violation within the time period set forth herein, the Code Enforcement Officer shall schedule a compliance hearing before the Code Enforcement Board and Respondent shall be duly noticed and given an opportunity to appear and present evidence as to the status of the violation on the Property.  Upon a finding by the Code Enforcement Board that the Property remains in violation, a fine may be immediately entered upon a filing of a Notice of Non-Compliance by the Code Enforcement Officer, in an amount not to exceed Two Hundred Fifty Dollars ($250.00) per day until the violation is corrected and full compliance is confirmed by the Code Enforcement Officer.  Respondent shall be responsible to provide notice of such violation being corrected to the Code Enforcement Officer.  Upon such confirmation, the Code Enforcement Officer shall promptly file a Notice of Compliance;

3.     If Respondent fails to correct any and all violations on the property within the time period prescribed herein, the Clerk of the Code Enforcement Board shall record a certified copy of this Order, as may be amended, in the public records for Brevard County, Florida, which shall serve as a lien against the Property and any other real or personal property owned by the Respondent;

4.     Any and all future recurrence(s) of any violation(s) addressed herein after same have been corrected shall necessitate further proceedings before the Code Enforcement Board without necessarily providing Respondent(s) an opportunity to correct such violation(s) and that the Code Enforcement Board, upon finding such repeat violation(s) exist(s) shall impose a fine not to exceed Five Hundred Dollars ($500.00) per day for each repeat violation, beginning on the first day the repeat violation(s) is / are found to exist.

5.     The Code Enforcement Board hereby reserves the right to take further necessary action against the Respondent(s) to enforce this Order and correct any violation(s) on Respondent's property, in accordance with Section 162.09, Florida Statutes, and City of Cape Canaveral Code, Chapter 2, Article VI.



Case #09-00148

**DONE AND ORDERED** at Cape Canaveral, Florida, this 19th day of November, 2009.

CODE ENFORCEMENT BOARD OF THE
CITY OF CAPE CANAVERAL, FLORIDA

*Mary Russell*

Mary Russell, Chairperson

Copies furnished to:

Banana River LP dba Banana River of Delaware, LTD;
c/o Helen M. Ward, R.A.
City of Cape Canaveral, Case File

I hereby certify that a true and correct copy of the above and foregoing Order Imposing Penalty on First Violation has been furnished by certified mail to the Respondent (s) and/or Respondent's authorized representative on this _25_ day of _November_, 2009.

Joy Lombardi, Board Secretary

Duree Alexander, Code Enforcement Officer



# City of Cape Canaveral
## Community Development Department

### CODE ENFORCEMENT BOARD
### CITY OF CAPE CANAVERAL, FLORIDA

THE CITY OF CAPE CANAVERAL,
A Florida municipal corporation,

Case #09-00148

Complainant,

v.

Banana River LP dba Banana River of Delaware, LTD;
c/o Helen M. Ward, R.A.
Owner of the Property located at:
6395 N. Atlantic Ave.
Cape Canaveral, FL 32920

LEGAL: E 300 FT OF S 150 FT OF N 310 FT W OF ST RD

Respondent,

_____/

### ORDER IMPOSING PENALTY ON FIRST VIOLATION

THIS CAUSE having come on for consideration, after being duly noticed, before the Code Enforcement Board of the City of Cape Canaveral, Florida, on November 19, 2009 and January 21, 2010 to determine whether any violations of the City of Cape Canaveral Code of Ordinances exist or existed on the property.  The Board, having heard the arguments of the parties and the evidence presented and having reviewed the record and being otherwise fully advised, makes the following Findings of Fact and Conclusions of Law incorporated into this Order as set forth herein.

### <u>Findings of Fact and Conclusions of Law</u>

Based upon the evidence and testimony presented at this hearing, the Code Enforcement Board finds:

1.      That Respondent was provided a Notice of Violation in accordance with Section 2-258 of the City of Cape Canaveral Code of Ordinances ("City Code") and consistent with sections 162.06 and 162.12, Florida Statutes;

2.      That a violation of Section 34-97, Duties and Responsibilities for Maintenance; and Section 34-98, Building Appearance and Maintenance, of the City Code exist or existed upon the Property and Respondent was further provided a reasonable time to correct said violation;

3.      That Respondents either failed or refused to correct such violation within the reasonable time period provided in the Notice of Violation; that the Respondent was provided notice of hearing before the Code Enforcement Board and was not present at the hearing;

4.      That based on the testimony and evidence presented at the November 19, 2009 hearing, Respondent has violated the City Code, to wit: Section 34-97, Duties and Responsibilities for Maintenance; and Section 34-98, Building Appearance and Maintenance, of the City Code;

5.      That at the conclusion of the November 19, 2009 hearing, the Code Enforcement Board entered an Order Imposing Penalty on First Violation ("Board Order"), giving Respondent until January 2, 2010 to correct the violations on the Property and providing that if Respondent failed to correct the violations within said time period, that a fine of $250.00 per day would be immediately entered.

6.      That the Code Enforcement Board held a duly noticed Compliance Hearing on January 21, 2010 and that Respondent was not present at the hearing.

7.      That Respondent has failed to correct the violations existing on the Property within the time period set forth in the Board Order.

**BASED UPON THE FOREGOING FACTS AND CONCLUSIONS, IT IS HEREBY ORDERED:**

1.      Respondent did not correct the violations of the City Code found by the Code Enforcement Board to exist on the property by January 2, 2010, as required by the Board Order;

2.      Further, the violations existing on the property constitute violations presenting a serious threat to the public health, safety and welfare, and that the City Council be notified of said violations pursuant to section 162.09(1), Florida Statutes, in furtherance of the City Council authorizing demolition of the property. If the demolition is not authorized by the City Council, a fine shall be immediately entered in an amount not to exceed two hundred fifty Dollars ($250.00) per day until the violation is corrected and full compliance is confirmed by the Code Enforcement Officer. Respondent shall be responsible to provide notice of such violation being corrected to the Code Enforcement Officer. Upon such confirmation, the Code Enforcement Officer shall promptly file a Notice of Compliance; any fine imposed pursuant to this paragraph shall be retroactively imposed beginning on January 2, 2010.

3.      The Clerk of the Code Enforcement Board shall record a certified copy of this Order, as may be amended, in the public records for Brevard County, Florida, which shall serve as a lien against the Property and any other real or personal property owned by the Respondent;

4.      Any and all future recurrence(s) of any violation(s) addressed herein after same have been corrected shall necessitate further proceedings before the Code Enforcement Board without necessarily providing Respondent(s) an opportunity to correct such violation(s) and that the Code Enforcement Board, upon finding such repeat violation(s) exist(s) shall impose a fine not to exceed Five Hundred Dollars ($500.00) per day for each repeat violation, beginning on the first day the repeat violation(s) is / are found to exist.

OR BK 6105 PG 804

5.    The Code Enforcement Board hereby reserves the right to take further necessary action against the Respondent(s) to enforce this Order and correct any violation(s) on Respondent's property, in accordance with Section 162.09, Florida Statutes, and City of Cape Canaveral Code, Chapter 2, Article VI.

**DONE AND ORDERED** at Cape Canaveral, Florida, this 21st day of January, 2010.

CODE ENFORCEMENT BOARD OF THE
CITY OF CAPE CANAVERAL, FLORIDA

Mary Russell, Chairperson

Copies furnished to:

Banana River LP dba Banana River of Delaware, LTD;
c/o Helen M. Ward, R.A.
City of Cape Canaveral, Case File

I hereby certify that a true and correct copy of the above and foregoing Order Imposing Penalty on First Violation has been furnished by certified mail to the Respondent (s) and/or Respondent's authorized representative on this 26 day of January, 2010.

Joy Lombardi, Board Secretary

Duree Alexander, Code Enforcement Officer